## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NATIONAL ELECTRICAL BENEFIT FUND, <br> 2400 Research Boulevard, Suite 500 <br> Rockville, Maryland 20850, <br><br> and <br><br> NATIONAL ELECTRICAL ANNUITY PLAN, <br> 2400 Research Boulevard, Suite 500 <br> Rockville, Maryland 20850, <br><br> Plaintiffs, <br><br> v. <br><br> KLT ENTERPRISES, LLC, <br> a limited liability company d/b/a KLT <br> ENTERPRISES, LLC, and/or KATHY'S LIFT <br> TRUCK & LIGHTING SERVICE, <br> 590 Hazel Dell Road <br> Corralitos, CA 95066 <br><br> Defendant. | Civil Action No. 8:19-cv-19-2189 |

## **COMPLAINT**

1. This is an action brought by the Trustees of multiemployer pension plans, the National Electrical Benefit Fund (hereinafter the "NEBF") and the National Electrical Annuity Plan (hereinafter the "NEAP"), to collect delinquent contributions and related sums from Defendant KLT Enterprises, LLC and/or Kathy's Lift Truck & Lighting Service, an employer or employers obligated to contribute to the NEBF and the NEAP pursuant to the provisions of collective bargaining agreements and the NEBF and the NEAP plan documents.


## JURISDICTION AND VENUE

2. This Court has jurisdiction of this matter pursuant to Section 502(e) of the Employee Retirement Income Security Act of 1974, as amended (hereinafter "ERISA"), 29 U.S.C. 1132(e). Plaintiffs are fiduciaries to the NEBF and the NEAP and this action arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. 1132(a)(3), and 1145. Venue is proper because the NEBF and the NEAP are administered within this district. ERISA Section 502(e)(2), 29 U.S.C. 1132(e)(2).

3. This Court also has jurisdiction of this matter pursuant to Section 301 of the Taft-Hartley Act, 29 U.S.C. 185, as this is an action for a violation of a collective bargaining agreement between an employer and a labor organization.

## PARTIES

4. NEBF is a multiemployer employee pension benefit plan within the meaning of Section 3(2) of ERISA, 29 U.S.C. § 1002(2), that has been established pursuant to an agreement entered into between the International Brotherhood of Electrical Workers ("IBEW") and the National Electrical Contractors Association ("NECA"). NEBF is a defined benefit plan as defined by Section 3(35) of ERISA, 29 U.S.C. § 1002(35). The address of NEBF is 2400 Research Boulevard, Suite 500, Rockville, Maryland 20850-3238.

5. NEAP is a multiemployer employee benefit plan within the meaning of Section 3(2) of ERISA, 29 U.S.C. § 1002(2), that has been established pursuant to an agreement entered into between the IBEW and NECA. NEAP is a defined contribution plan as defined by Section 3(34) of ERISA, 29 U.S.C. § 1002(34). The address of NEAP is 2400 Research Boulevard, Suite 500, Rockville, Maryland, 20850-3238.

6. Employers agree to participate in NEBF and NEAP pursuant to collective bargaining agreements with the IBEW or one of its affiliated local unions.

7. KLT Enterprises, LLC, is an employer engaged in an industry affecting commerce, is contractually and legally obligated to submit contributions to NEBF and to NEAP, and is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. 1002(5).

8. Upon information and belief, Defendant KLT Enterprises, LLC, has, at various times since 1996, operated under the following names: "KLT Enterprises, LLC," "Kathy's Lift Truck & Lighting Service" and/or "KLT Enterprises LLC d/b/a Kathy's Lift Truck & Lighting." These entities are one and the same and are herein referred to as "Employer".

9. Upon information and belief, Employer has since 1996 been operated from 590 Hazel Dell Road, Corralitos, CA 95076.

10. At all time since at least 1996, Employer has been managed by James Alexander Hutchinson, an adult individual with an address for service of process located at 590 Hazel Dell Road, Corralitos, CA 95076,

## STATEMENT OF CLAIMS

### Contribution Obligation

11. Employer is a signatory, and has been a signatory continuously during all relevant periods, to collective bargaining agreements (the "Collective Bargaining Agreements") with IBEW Local Union 1245 as the collective bargaining representatives of its employees. Pursuant to the Collective Bargaining Agreements, Employer is obligated to submit contributions to NEBF and to NEAP on behalf of its employees covered by the Collective Bargaining Agreements.

12. The Collective Bargaining Agreements require that Employer contribute to NEBF "an amount equal to 3% of the gross monthly labor payroll paid to, or accrued by, the employees in this bargaining unit."

13. The Collective Bargaining Agreements require that Employer contribute to NEAP an amount equal to the contribution amounts set forth on an annual wage sheet agreed to by the parties to the Collective Bargaining Agreements. The hourly contribution rate for NEAP is determined by the employee's job classification. For the relevant time periods, the hourly contribution rate has been between approximately $2.75 per hour for the most junior job classification (fabricator tech trainees) to over $9 per hour for general foremen.

14. The Collective Bargaining Agreements bind the Employer to NEBF's and NEAP's governing documents, i.e., the NEBF's Restated Employees Benefit Agreement and Trust (hereinafter, "NEBF Trust Agreement") and the National Electrical Annuity Plan Agreement and Trust (hereinafter, "NEAP Trust Agreement").

15. Both the NEBF Trust Agreement and the NEAP Trust Agreement authorize their respective Trustees to audit and examine Employer's payroll records in order to determine whether the Employer has satisfied its contribution obligation.

16. Both the NEBF Trust Agreement and the NEAP Trust Agreement authorize their respective Trustees to take all necessary actions to recover delinquent contributions, and to recover interest on the delinquent contributions at a rate of ten percent (10%) per annum, liquidated damages in an amount equal to twenty percent (20%) of the delinquency, and all costs, including audit costs and attorneys' fees, incurred in collecting the delinquency.

17. Section 515 of ERISA requires an employer to make contributions to a multiemployer plan in accordance with its obligations under a collectively bargained agreement and the plan documents. 29 U.S.C. § 1145.

18. Section 502(a)(3) of ERISA provides that a fiduciary may enforce the provisions of ERISA and the terms of the plan through a civil action. 29 U.S.C. § 1132(a)(3).

19. Section 502(g)(2) of ERISA provides that a fiduciary of a multiemployer plan, bringing suit to recover delinquencies under Section 515, shall recover in addition to the unpaid contributions, interest thereupon, liquidated damages, attorney's fees and costs, and other appropriate legal and equitable relief. 29 U.S.C. § 1132(g)(2).

**Factual Background**

20. In or around September 2016, a routine audit and examination of Employer's books and records by an outside auditing firm engaged by NEBF and NEAP revealed that Employer had not contributed to NEBF and NEAP on all members who performed bargaining unit work in 2015, and with respect to the members of the bargaining unit that it had contributed on, Employer had not contributed in accordance with the obligation set forth in the Collective Bargaining Agreements or the NEBF and NEAP Trust Agreements.

21. The above report led to further inquiry and audits of the Employer's payroll records for the periods 2010 to 2014 and 2016. These audits revealed the same types of reporting discrepancies found in the audit of the 2015 payroll records.

22. In addition, the audits led to the discovery that Employer had not contributed correctly to NEBF and to NEAP on behalf of a particular member of the bargaining unit since he was first hired in or around 1996.

23.     Based on the audit reports and other information provided by Employer, NEBF determined that at least $29,163.99 in contributions is owed to NEBF for the work performed by bargaining unit employees during the years 1997 to 2017.  Additional amounts may be owed in connection with work performed by bargaining unit employees from 2018 to the present, and in connection with employees who performed bargaining unit work for Employer from 1997 to the present who were not disclosed to NEBF by Employer.

24.     Based on the amounts set forth in the preceding paragraph, NEBF is also owed at least: $45,996.97 in interest, $5,832.80 in liquidated damages, $2,800.00 in audit fees, and attorney's fees incurred in connection with this action.

25.     Employer paid $45,000.00 towards the amounts due NEBF in or around March 2019, but no further amounts have been paid to NEBF since that time.

26.     Based on the audit reports and other information provided by Employer, NEAP determined that at least $250,972.51 in contributions is owed to NEAP for the work performed by bargaining unit employees during the years 1997 to 2017.  Additional amounts may be owed in connection with work performed by bargaining unit employees from 2018 to the present, and in connection with employees who performed bargaining unit work for Employer from 1997 to the present who were not disclosed to NEAP by Employer.

27.     Based on the amounts set forth in the preceding paragraph, NEAP is also owed at least: $332,772.71 in interest, $50,194.50 in liquidated damages, $2,800.00 in audit fees, and attorney's fees incurred in connection with this action.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff National Electrical Benefit Fund prays for judgment in its favor and against KLT Enterprises LLC, and Kathy's Lift Truck & Lighting Services, jointly and severably, and that the Court's judgment includes:

(a) $29,163.99 in delinquent contributions due and owing the NEBF for the work performed by covered employees from 1997 to 2017; $45,996.97 in interest, $5,832.80 in liquidated damages, $2,800.00 in audit fees, and attorney's fees incurred in connection with this action, less the $45,000.00 paid by Employer in March 2019; and

(b) an award of contributions found to be due and owing for work performed by covered employees from 2018 to the present, plus the corresponding interest, liquidated damages, audit fees (if any), and any attorneys' fees incurred in connection with enforcement of same.

WHEREFORE, Plaintiff National Electrical Annuity Plan prays for judgment in its favor and against KLT Enterprises LLC, and Kathy's Lift Truck & Lighting Services, jointly and severably, and that the Court's judgment includes:

(a) $250,972.51 in delinquent contributions due and owing the NEAP for the work performed by covered employees from 1997 to 2017; $332,772.71 in interest, $50,194.50 in liquidated damages, $2,800.00 in audit fees, and attorney's fees incurred in connection with this action; and

(b) an award of contributions found to be due and owing for work performed by covered employees from 2018 to the present, plus the corresponding interest,

liquidated damages, audit fees (if any), and any attorneys' fees incurred in connection with enforcement of same.

Plaintiffs further pray that the Court grant such other legal and equitable relief as the Court deems appropriate.

Dated: July 25, 2019

*/s/ Jennifer Bush Hawkins*
Jennifer Bush Hawkins (13064)
POTTS-DUPRE, HAWKINS & KRAMER, CHTD.
900 7th Street NW, Suite 1020
Washington, DC 20001
(202) 223-0888
jhawkins@phk-law.com

*Attorney for the Plaintiffs,
National Electrical Benefit Fund and
National Electrical Annuity Plan*